**UNITED STATES of America,**
**Plaintiff–Appellee–Cross–**
**Appellant,**

v.

**Frank C. ROUSSEAU, Defendant–**
**Appellant–Cross Appellee.**

Nos. 03–10509, 03–10544.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2005.

Decided Aug. 12, 2005.

Richard I. Mesh, Phoenix, AZ, for Plaintiff-Appellee.

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Douglas P. Roller, Helfrey, Simon & Jones, P.C., Clayton, MO, for Defendant-Appellant.

Before: GOODWIN, REAVLEY,* and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Frank Rousseau was indicted for wire fraud and conversion of funds from a health care program. After a jury trial, Rousseau was convicted on 21 counts, including 4 counts of wire fraud and 17 counts of embezzlement from a health care benefit program. He timely appealed both his conviction and sentence.

To obtain a conviction for Counts 1—4 for wire fraud, the government had to prove that: (1) Rousseau knowingly devised or knowingly participated in a scheme to defraud, or scheme for obtaining money by means of false or fraudulent pretenses, representations, or promises; (2) the statements made or facts omitted as part of the scheme were material; (3) Rousseau acted with the intent to defraud; and (4) in advancing or carrying out the scheme, Rousseau used mails or wires or caused mails or wires to be used. *United States v. Woods,* 335 F.3d 993, 997 (9th Cir.); *cert. denied,* 540 U.S. 1025, 124 S.Ct. 586, 157 L.Ed.2d 444 (2003).

To obtain a conviction for Counts 5—20 and 22 for theft or embezzlement in connection with health care, the government had to prove that Rousseau embezzled, stole or willfully and unlawfully converted

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.

or abstracted assets of an employee health care plan. *United States v. Andreen*, 628 F.2d 1236, 1241 (9th Cir.1980).

We uphold the conviction for the following reasons:

1) In regards to Counts 1—4, the government showed that Rousseau made fraudulent misrepresentations by mail by offering evidence that Rousseau only had access to Clark County's claims account pursuant to the parties' prior contractual relationship, a contractual relationship which prohibited Rousseau from using money in the claims account for anything except the payment of claims. Every time Rousseau's company, L & H Administrators ("L & H"), sent a request to Clark County to add money to its claims account, L & H was promising to pay the underlying claim with that money. Rousseau continually sent Clark County requests by mail for claims money, knowing that he would at least temporarily remove that money from the Clark County claims account to cover deficits in other L & H accounts. Thus, Rousseau made fraudulent representations through the mail to his clients.

2) In regards to Rousseau's criminal intent for Counts 1—4, four witnesses testified that Rousseau knowingly moved money from his clients' claims accounts to cover L & H's operating costs. Rousseau testified that the money was merely being moved so that it could accrue interest in a money market account, but that claim is contradicted by the subsequent transfer of the money from L & H's money market account into other L & H operating accounts. While Rousseau also claimed that he intended to replace the money, repayment or a good faith belief that the victim will be repaid or will sustain no loss is not a defense. *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir.1986).

3) The government also proved Rousseau's criminal intent for Counts 5—20 and 22. L & H's comptroller, Robert Hilton, testified that Rousseau's plan was to transfer the excess money out of his clients' claims accounts to cover deficits in other L & H accounts. Hilton's testimony was substantiated by evidence that Clark County's money was transferred from the L & H money market account into several of L & H's operating accounts. Rousseau's claim that he intended to repay the money removed from his clients' accounts is also not a defense to embezzlement or conversion. *United States v. Wiseman*, 274 F.3d 1235, 1240 (9th Cir.2001). Conversion is accomplished even "without any intent to keep possession, so long as the property is misused or abused." *United States v. Thordarson*, 646 F.2d 1323, 1335 n. 22 (9th Cir.1981).

4) In regards to Counts 9—15, Rousseau's argument that account 3550 was a general operating account and not solely used to pay Kinko's benefit claims was refuted by two L & H employees who testified that account 3550 was commonly referred to as "the Kinko's account" among L & H employees. Further, L & H's contract with Kinko's required that this account be used solely to pay claims, and the claims account funds were not supposed to be commingled with L & H funds.

5) The government also offered sufficient evidence as to counts 16–20 & 22. Wortz's claims account worked differently than the Kinko's account in that Wortz deposited an extra $100,000 into their account, in addition to the amount needed to pay

immediate claims. Wortz did this to facilitate the speedier payment of claims, but all of the money in the claims account was still to be used only to pay claims. Rousseau had no authority to use the money in Wortz's claims account for anything except the payment of claims.

Both the government and Rousseau have appealed the district court's sentence. Rousseau challenges the district court's loss determination and the district court's failure to address Rousseau's objections to the loss calculation. The government appeals the district court's failure to enhance the sentence for more than minimal planning and for Rousseau's leadership role in the scheme. The government also challenges the district court's downward departure for aberrant behavior. In accordance with this court's decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), we remand the case to the district court for the limited purpose of assessing the existence of plain error.

CONVICTION AFFIRMED; LIMITED REMAND.